UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Harold McKnight,<br><br>                      Plaintiff,<br><br>          - against -<br><br>City of New York, Christopher Alvarado, Does 1-10,<br><br>                    Defendants. | 15 CV     (   )(   )<br><br>Complaint and Jury Demand |

Plaintiff, by his attorney, Michael G. O'Neill, complains against defendants as follows:

1. This is an action alleging violation of plaintiff's civil and constitutional rights and violation of state tort laws governing false arrest, false imprisonment, negligent hiring, and negligent training.

2. This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. §1331, 28 U.S.C. §1367, 28 U.S.C. §1343, and 42 U.S.C. §1983.

3. Venue is proper in the Southern District because one or more defendants are residents of the Eastern District.

4. Plaintiff is an individual and resides in the State of New York.

5. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.

6. Defendant Christopher Alvarado is a police officer employed by New York City Police Department ("NYPD").

7. Defendant Doe Number One, shield number believed to be 3466, is a police officer employed by New York City Police Department ("NYPD").

1

8. Defendant Does 2-10 are employees of the NYPD.

9. On January 30, 2014, at about 6:30 in the evening, plaintiff was in the vicinity of 1092 Loring Avenue, Brooklyn, New York, when he was approached by officers of the NYPD, specifically, defendant Christopher Alvarado and Doe Number One.

10. The officers proceeded to search plaintiff, and when plaintiff asked the officers why he was being subjected to a search, one or more of the officers told plaintiff that he "looked suspicious."

11. Despite finding no contraband or evidence or any crime, the officers placed plaintiff under arrest.

12. Plaintiff was handcuffed and placed in an NYPD vehicle and taken to the confines of the 75th Precinct, where he was held until approximately 3:30 a.m., at which time he was released.

13. The officers had no probable cause to search or arrest plaintiff.

14. All charges were dismissed.

15. On or about April 3, 2014, and within 90 days of when his claim arose, plaintiff duly filed a Notice of Claim against defendant New York City for injuries suffered as a result of the false arrest, false imprisonment, and battery of plaintiff by its employees.

16. Thereafter, a 50-h hearing was held on October 3, 2014 pursuant to notice given by the City.

17. At least thirty days have elapsed since the demand or claim upon which this action is founded was presented to the City for adjustment or payment thereof, and the City has neglected or refused to make any adjustment or payment thereof.

18.    This action is brought within one year and ninety days of the events complained of, as prescribed by statute.

19.    At all times, Alvarado and Does 1-10 were acting within scope of their employment as members of the New York City police department.

# Claim One.

20.    Alvarado and Does 1-10 violated plaintiff's right, guaranteed to him under the 4th Amendment of the United States Constitution, to be free of unreasonable search and seizure.

21.    Alvarado and Does 1-10 were acting under color of state law, and are liable to plaintiff for his damages under 42 U.S.C. §1983.

# Claim Two.

22.    Alvarado and Does 1-10 caused plaintiff to be falsely arrested.

23.    The City is liable for its' employees false arrest of plaintiff.

# Claim Three.

24.    Alvarado and Does 1-10 caused plaintiff to be falsely imprisoned.

25.    The City is liable for its' employees false imprisonment of plaintiff.

# Claim Four.

26.    The City was negligent in the hiring of Alvarado and Does 1-10.

## Claim Five.

27.	The City was negligent in the training of Alvarado and Does 1-10.

WHEREFORE, plaintiff demands judgment for all relief permitted by law, including but not limited to awarding plaintiff a money judgment for his damages, awarding appropriate equitable and injunctive relief, awarding plaintiff punitive damages, awarding pre-verdict, post-verdict and prejudgment interest and costs, awarding to plaintiff a statutory attorneys' fee and granting such further and additional relief as the Court deems just and appropriate under the circumstances.

Dated: New York, New York
	April 10, 2015

LAW OFFICE OF MICHAEL G. O'NEILL

By: _____
Benjamin L. Federici
Attorneys for Plaintiff
30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990

## Jury Demand

Plaintiff demands trial by jury on all issues.

Dated: New York, New York
	April 10, 2015

LAW OFFICE OF MICHAEL G. O'NEILL

By: _____
Benjamin L. Federici
Attorneys for Plaintiff

30 Vesey Street, Third Floor
New York, New York 10007
(212) 581-0990